UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNE LESTER,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 09-7910-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On November 5, 2009, Laverne Lester ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance ("SSDI") benefits. The Commissioner filed an Answer on May 7, 2010. On July 12, 2010, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 50 year old female who was found to have the medically determinable severe combination of impairments of degenerative changes and tears of the right knee, diabetes, hypertension, obesity, bunion deformity, metatarsal osteotomy, minimal cervical spine disc bulges, mild to moderate degenerative changes in the lumbar spine, history of hepatitis C, and depressive disorder. (AR 15.) Plaintiff has not engaged in substantial gainful activity since May 5, 2006, the alleged onset date. (AR 15.)

Plaintiff's claim for SSDI benefits was denied initially on June 6, 2007, and on reconsideration on August 27, 2007. (AR 13.) Plaintiff filed a written request for hearing, which was held before Administrative Law Judge ("ALJ") Joel B. Martinez on January 26, 2009, in Pasadena, California. (AR 13.) Claimant appeared and testified, and was represented by counsel. (AR 13.) A vocational expert also testified. (AR 13.)

The ALJ issued an unfavorable decision on April 29, 2009. (AR 13-27.) Plaintiff filed a Request for Review of Hearing Decision which the Appeals Council denied on October 6, 2009. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal:

1. Whether the ALJ properly considered the treating physician's opinion regarding Plaintiff's physical residual functional capacity and properly recontacted the treating physician.

2. Whether the ALJ fully and fairly developed the record.

3. Whether the ALJ posed a complete hypothetical question to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance."

1  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402
2  U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable
3  mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401
4  (internal quotations and citation omitted).
5       This Court must review the record as a whole and consider adverse as well as
6  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).
7  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision
8  must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a
9  reviewing court must consider the entire record as a whole and may not affirm simply by
10 isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting
11 Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d
12 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

14      The Social Security Act defines disability as the "inability to engage in any substantial
15 gainful activity by reason of any medically determinable physical or mental impairment which
16 can be expected to result in death or . . . can be expected to last for a continuous period of
17 not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner
18 has established a five-step sequential process to determine whether a claimant is disabled.
19 20 C.F.R. §§ 404.1520, 416.920.
20      The first step is to determine whether the claimant is presently engaging in substantial
21 gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is
22 engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert,
23 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a
24 severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ
25 must determine whether the impairment is listed, or equivalent to an impairment listed, in
26 Appendix I of the regulations. Id. If the impediment meets or equals one of the listed
27 impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141.
28 Fourth, the ALJ must determine whether the impairment prevents the claimant from doing

3

past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

The ALJ determined that none of Plaintiff's impairments meet or equal a listing. (AR 18.) At step four of the sequential process, the ALJ found that Plaintiff has the RFC to do sedentary work with the following limitations: Claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for two hours and sit for six hours in an eight hour workday. She should be allowed to use a cane for prolonged ambulation. She should not climb or be exposed to concentrated dust, fumes, or gas. She should not be

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

exposed to extreme temperatures, heights, or dangerous moving equipment. She is also limited to simple to moderately complex work. (AR 19.) The ALJ also made an adverse credibility determination (AR 19-23), which Claimant does not dispute.

Based on this RFC, the ALJ concluded, with the assistance of vocational testimony, that Plaintiff could not perform her past relevant work as a caregiver, mental health counselor, admissions clerk, salesperson, aide in a long term care facility, or nurse's assistant. (AR 24-25.) The ALJ concluded, however, that even with an eroded sedentary job base there were jobs in the national economy that Plaintiff could perform, including cashier, telephone quotation clerk, and food and beverage order clerk. (AR 25-26.)

Consequently, the ALJ determined that Plaintiff is not disabled within the meaning of the Social Security Act. (AR 26.)

## DISCUSSION

The ALJ properly rejected the treating physician's opinion for specific and legitimate reasons supported by substantial evidence. There was no duty to re-contact the treating physician or need to develop the record further before rendering a decision because the ALJ's non-disability decision is supported by substantial evidence and free of legal error. The ALJ's hypothetical question to the vocational expert was not incomplete.

## I. THE ALJ PROPERLY REJECTED THE TREATING PHYSICIAN'S OPINION

Plaintiff contends that the ALJ improperly rejected the treating physician's opinion, failed to develop the record adequately on the basis for the treating physician's opinion, and failed to recontact the physician. Plaintiff's contentions are without merit.

Plaintiff was determined to suffer from a combination of severe physical and mental impairments. (AR 15.) She is taking or has taken a plethora of medications, including apresoline, ativan, coumadin, glucophage, lisinopril, vicodin, omaprazole, hydrocodone, willbutrin, tramadol, morphine, metformin, glipizide, benezepril, and elavil. (AR 119, 136, 181, 184, 185, 186, 196, 200.) She reported no medication side effects. (AR 119, 136.)

The ALJ's assessed RFC was for less than sedentary work but nonetheless determined that there were jobs in the national economy that Plaintiff could perform. (AR 25-26.)

### A. The ALJ's Rejection Of The Treating Physician's Opinion Was Based On Substantial Evidence

Plaintiff relies on the opinion of her treating physician Dr. Narayanan who assessed more severe limitations than the ALJ did. He found that Plaintiff's impairment limited her to sitting no more than one hour at a time, standing or walking less than 2 hours in an eight hour day, occasionally lifting 10 pounds and frequently less than 10 pounds and missing work more than four days each month. (AR 584-86.)

These restrictions were not accepted by the ALJ or incorporated into the ALJ's RFC. If a treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion only by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995); Orn, 495 F.3d at 632, Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

Here, the ALJ gave several specific and legitimate reasons for rejecting the opinion of Dr. Narayanan. The ALJ noted Dr. Narayanan "failed to give a title of Medical Doctor and failed to identify at what facility he treats the Claimant," but did not cite these omissions as a reason for rejecting Dr. Narayanan's opinion. (AR 24.) The Commissioner repeatedly goes beyond the ALJ's observation to argue that there is no evidence that Dr. Narayanan is a doctor and that her opinion is not medical evidence. The ALJ, however, not only did not reach that conclusion but specifically notes that the Plaintiff testified at the hearing that Dr. Narayanan was a general practitioner who Plaintiff had seen a few times. (AR 24, 52.) The Plaintiff also testified that she saw Dr. Narayanan at the local county hospital. (AR 52.) The ALJ clearly treated Dr. Narayanan as a physician. The Court cannot consider arguments not cited or relied on by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

1 Turning to the reasons in fact given by the ALJ for rejecting Dr. Narayanan's opinion,
2 the first reason is the lack of clinical support:

> 3 The only clinical findings and objective signs the doctor mentioned are
> 4 right knee swelling and tenderness (Exhibit 19F, p. 1). With respect to the
> 5 claimant's treatment, the doctor wrote: "waiting for surgery, pain
> 6 medication until then" (*id.*). The doctor makes no mention of the kind of
> 7 surgery, the use of a knee brace, any attempted physical therapy, the use
> 8 of chiropractic treatment, the specific medications prescribed, the
> 9 claimant's response to treatment, etc. I therefore must conclude that the
> 10 individual who filled out the form, if he is a doctor, is rather unfamiliar with
> 11 the objective medical evidence and the claimant's treatment history.

12 (AR 24.) Cases in the Ninth Circuit consistently uphold rejection of treating physician
13 opinions that are inadequately supported by clinical findings. Thomas, 278 F.3d at 957 ("The
14 ALJ need not accept the opinion of any physician, even a treating physician, if that opinion is
15 brief, conclusory, and inadequately supported by clinical findings"); Batson v. Comm'r of Soc.
16 Sec. Adm., 359 F.3d 1190, 1195 (9th Cir. 2004); Matney v. Sullivan, 981 F.2d 1016, 1019
17 (9th Cir. 1992).

18 Second, the ALJ rejected Dr. Narayanan's opinion because it was based on Plaintiff's
19 subjective complaints and in this case the ALJ had discounted Plaintiff's credibility as to her
20 subjective complaints (AR 24), a finding not challenged here. The Ninth Circuit has held that
21 a treating physician's opinion is properly rejected if based on discounted subjective
22 complaints. Morgan, 169 F.3d at 602; Tonapetyan v. Halter, 242 F.3d 1144, 1148-49 (9th
23 Cir. 2001.)

24 Third, the ALJ found that Dr. Narayanan's opinion was inconsistent with the other
25 physicians of record (AR 24) who gave Claimant less restrictive assessments. The ALJ
26 relied on the opinion of consulting and examining physician Dr. Burton Brody. (AR 200-02.)
27 He assessed no sitting limitations, but specified lifting and carrying 20 pounds occasionally
28

and 10 pounds frequently. (AR 202.) Dr. Brody's assessment is substantial evidence standing alone, and constitutes a specific, legitimate reason for rejecting Dr. Narayanan's opinion. Tonapetyan, 242 F.3d at 1149. The ALJ also relied on State agency reviewing physicians who offered similar assessments. (AR 227-231, 232-33.) The State agency reviewing physicians' opinions also are substantial evidence and constitute specific legitimate reasons for rejecting Dr. Narayanan's opinion because they are consistent with Dr. Brody's opinion. Id. (non-examining opinion constitutes substantial evidence when consistent with other independent evidence in the record).

Thus, the ALJ properly rejected Dr. Narayanan's opinion for specific, legitimate reasons supported by substantial evidence.

### B. The ALJ's Rejection Of The Treating Physician's Opinion Is Free Of Legal Error

Plaintiff is not done, however. Plaintiff asserts that the ALJ erred by not developing the record further regarding the bases for Dr. Narayanan's restrictive RFC and by not recontacting Dr. Narayanan. Plaintiff's contentions prove too much. It cannot be the case that every time a medical opinion lacks adequate clinical support the ALJ has a duty to develop it further. As already noted, numerous Ninth Circuit cases have upheld rejection of medical opinions, even treating physician opinions, if brief, conclusory or inadequately supported by clinical findings. See Thomas, 278 F.3d at 957; Batson, 359 F.3d at 1195; Matney, 981 F.2d at 1019. The ALJ also may reject check box reports that do not explain the basis for the conclusions reached. Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996).

The ALJ does have a duty to develop the record fully and fairly, but the duty to conduct an inquiry is triggered only when the evidence is ambiguous "or when the record is inadequate to allow proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001); Tonapetyan, 242 F.3d at 1150. In this case, Plaintiff argues that the ALJ found or implied that the treating source's findings were inadequate, and this requires remand to develop the record further. The ALJ did find that Dr. Narayanan's opinion was lacking in clinical support (AR 24), but he did not find that the record as a whole was

inadequate to reach a decision. The ALJ's non-disability decision was supported by substantial evidence, namely the opinions of Dr. Brody and the two State agency doctors. Plainly, under Ninth Circuit law, the insufficiency of Dr. Narayanan's report is not what matters but the adequacy of the record as a whole. See Mayes, 276 F.3d at 460 ("The record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence." (Emphasis added.)).

The cases cited by Plaintiff are not to the contrary. In Bousquet v. Apfel, 118 F. Supp. 2d 1049, 1054-58 (C.D. Cal. 2000), an ALJ improperly rejected a treating physician's opinion based on criticisms of it by a non-examining medical expert who admitted that she did not have enough information to reach a definitive conclusion about the claimant's diagnosis. Id. at 1056. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), also is inapplicable because the ALJ in that case rejected uncontradicted treating source opinions without fully developing the record. In this case, the ALJ relied on Dr. Brody's independent assessment of Claimant and had rejected Dr. Narayanan's opinion in part because of her reliance on Plaintiff whose credibility had been discounted. There was no need to develop the record further on the bases of Dr. Narayanan's opinion.

Plaintiff's other argument, that the ALJ should have recontacted Dr. Narayanan, is but a variation on the larger duty to fully develop the record and to inquire further when the record is ambiguous or inadequate to arrive at a disability decision. Social Security regulations provide that medical sources will be recontacted "[w]hen the evidence we receive from your treating physician or psychologist is inadequate for us to determine whether you are disabled." 20 C.F.R. § 416.912(e) (emphasis added). In Thomas, the Ninth Circuit rejected a contention that a medical source should be recontacted where a report appeared contradictory, holding that "the requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability." Thomas, 278 F.3d at 958. Similarly, in Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005), the Ninth Circuit held there was no duty to recontact a

doctor where "[t]he ALJ, with support in the record, found the evidence adequate to make a determination regarding Bayliss' disability." Id.

In this case, the ALJ's disability decision was supported by Dr. Brody and the two State agency reviewing physicians. Their opinions "provide assurance that the record was sufficiently developed with regard to the issue of . . . impairment." Tonapetyan, 242 F.3d at 1149. Their opinions are substantial evidence. Id. There was no need or reason or requirement that the ALJ develop the record further in regard to Dr. Narayanan's RFC or to recontact her to inquire further as to the basis of her assessment. This is particularly so here where Dr. Narayanan relied on Plaintiff's subjective symptoms and the ALJ discounted Claimant's credibility.

The ALJ did not err in rejecting Dr. Narayanan's opinion, nor was there any duty to develop the record further or to recontact Dr. Narayanan as to the bases for her opinion.

## II. THE ALJ HAD NO DUTY TO DEVELOP THE RECORD FURTHER REGARDING PLAINTIFF'S NEED FOR A RIGHT KNEE REPLACEMENT

Plaintiff's next contention is that the ALJ failed to develop the record and to recontact treating sources regarding her need for a total knee replacement. This argument fails for reasons already noted. The ALJ's non-disability decision was based on substantial evidence, i.e., the opinion of Dr. Brody and the two State reviewing physician opinions. Tonapetyan, 242 F.3d at 1149.

Plaintiff testified at the January 26, 2009, hearing that she had been on a waiting list for a total right knee replacement "since last year" in "07." (AR 45.) The treatment she was receiving was "[n]othing other than the brace and medication." (AR 45.) Dr. Narayanan indicated that Claimant was "waiting for surgery, pain medication until then." (AR 583.) Plaintiff also cites some references to orthopedic evidence, mostly related to a knee brace. (AR 416-17, 562.)

The ALJ made extensive findings of symptom exaggeration, lack of substantiation of claimed impairments with objective medical evidence, and a treatment history not commensurate with her claimed disabilities. (AR 20-22.) This was true in regard to walking and her claimed need for a total knee replacement:

> . . . the claimant exaggerates her pain and her limitations with respect to walking. I was also unable to find any reliable documentation that the claimant has been put on a waiting list for total right knee replacement. All I found was the claimant telling various treating sources that, but the record contains no reliable confirmation, such as an actual recommendation from an orthopedic surgeon. Further, I question why the claimant would be a candidate for total right knee replacement given the diagnostic evidence, given her young age, given that she is able to ambulate without an assistive device, and given that she has lost weight.

(AR 22.)

The ALJ also noted examiners had found she was able to ambulate well without pain. (AR 20, 21.) Plaintiff herself testified that she currently gets no treatment for her right knee and that she just uses assistive devices and takes medication. (AR 21.) Although noting that Claimant has a serious impairment of the right knee and taking it into account in determining limitations as to standing and walking, the ALJ found that Claimant's knee impairment "does not preclude standing and/or walking at least two hours in an eight hour workday, based on the objective medical evidence." (AR 21.)

Plaintiff's evidence does not overcome the ALJ's findings or suggest a need for further inquiry. Dr. Narayanan's reference to Claimant "waiting" for surgery obviously is based on what Claimant told her. The orthopedic references are from an internist and a mental health reviewer. (AR 416-17, 562.) The internist did not make any right knee diagnosis, spoke of orthopedic follow-up for a knee brace - not surgery, and indicated that "patient was ambulating" and should "increase ambulation." (AR 416-17.) Plaintiff points to no medical evidence, orthopedic or otherwise, that substantiates the need for a total right knee replacement.

The ALJ properly relied on the opinions of Dr. Brody and the two State reviewing physicians in assessing Claimant's RFC and ability to perform jobs in the national economy. The ALJ's RFC is supported by substantial evidence, particularly so in view of Plaintiff's

discounted credibility. There was no need or reason or requirement to develop the record further or recontact treating physicians in regard to Claimant's alleged need for a total right knee replacement.

### III. THE ALJ'S HYPOTHETICAL TO THE VOCATIONAL EXPERT WAS COMPLETE

Claimant's final argument is that the ALJ did not include in his hypothetical to the vocational expert certain limitations in Dr. Narayanan's RFC. These include limitations on sitting no more than one hour, frequent lifting of less than 10 pounds and occasional lifting of 10 pounds, and missing work more than four days a month. (AR 584-86.) This contention fails because as already noted the ALJ properly rejected Dr. Narayanan's opinion as to those limitations.

It is true that a hypothetical to a vocational expert must contain all of a claimant's functional limitations supported by the record. Thomas, 278 F.3d at 956. The ALJ, however, is not bound to accept restrictions not supported by substantial evidence. Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001). The ALJ is "free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." Id. at 1164-65. This is true "even where there is conflicting evidence." Magallanes v. Bowen, 881 F.2d 747, 757 (9th Cir. 1989).

In this case the ALJ's hypothetical properly excluded Dr. Narayanan's restrictions that were properly rejected. There was no error.

### ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is affirmed and that this action is dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 21, 2010

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE